FILED by KS D.C.

May 27, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 21-14021-CR-CANNON/MAYNARD

CASE NO. _____

18 U.S.C. § 3261(a)
18 U.S.C. § 1466A(a)(2)
18 U.S.C. § 2252A(b)(1)
18 U.S.C. § 2422(b)
18 U.S.C. § 1467
18 U.S.C. § 2253(a)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

GARRETT MICHAEL PAKO,
    a/k/a "Kinky Bear,"
    a/k/a "K. King,"

        Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1. The conduct alleged in this Indictment occurred outside the jurisdiction of any particular State or district and within the venue of the United States District Court for the Southern District of Florida, as provided by 18 U.S.C. § 3238. The last known residence of the defendant, **GARRETT MICHAEL PAKO, a/k/a "Kinky Bear," a/k/a "K. King,"** was in Venus, Florida, within the Southern District of Florida.

2. At all times material to this Indictment, from on or about February 13, 2020, through on or about June 9, 2020, the defendant, **GARRETT MICHAEL PAKO, a/k/a "Kinky**

Bear," a/k/a "K. King," a citizen of the United States, was employed by the Armed Forces outside the United States, as defined in 18 U.S.C. § 3267(1), that is:

    a.    The defendant was employed as a security guard for Chenega Security, which is a contractor and subcontractor for the Department of Defense, and was stationed at or near the Shariki Communications Site in Japan;

    b.    The defendant was present and residing outside the United States, in Japan, in connection with such employment; and

    c.    The defendant was not a national of or ordinarily a resident in Japan.

3.    The conduct described herein constitutes an offense which would be punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

## COUNT 1
### Distribution of Visual Representations of the Sexual Abuse of Children
### (18 U.S.C. §§ 1466A(a)(2), 2252A(b)(1), and 3261(a))

1.    The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

2.    On or about May 26, 2020, the defendant,

**GARRETT MICHAEL PAKO,**
a/k/a "Kinky Bear,"
a/k/a "K. King,"

within the special maritime and territorial jurisdiction of the United States, did knowingly distribute a visual depiction of any kind, including a drawing and cartoon, that depicted an image that was, and appeared to be, of a minor engaged in sadistic and masochistic abuse and sexual intercourse, and lacked serious literary, artistic, political, and scientific value, and such visual depiction had been shipped and transported in interstate and foreign commerce by any means,

including by computer, in violation of Title 18, United States Code, Sections 1466A(a)(2), 2252A(b)(1), and 3261(a).

## COUNT 2
### Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity
### (18 U.S.C. §§ 2422(b) and 3261(a))

1. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

2. From on or about February 13, 2020, through on or about August 23, 2020, the defendant,

**GARRETT MICHAEL PAKO,**
a/k/a "Kinky Bear,"
a/k/a "K. King,"

within the special maritime and territorial jurisdiction of the United States, using any facility and means of interstate and foreign commerce, that is, MeetMe, Kik, and Line, internet applications, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2422(b) and 3261(a).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GARRETT MICHAEL PAKO, a/k/a "Kinky Bear," a/k/a "K. King,"** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 2252A, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

  a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

 3. Upon conviction of a violation of Title 18, United States Code, Section 1466A, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1467:

  a. any obscene material produced, transported, mailed, shipped, or received in violation of this chapter;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

 4. Upon conviction of a violation of Title 18, United States Code, Section 2422, as alleged in this Indictment, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

 5. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, an iPhone 8 Plus, Serial: FD1X43W6JCM5, IMEI: 356735086631307.

All pursuant to Title 18, United States Code, Sections 1467, 2253(a), and 981(a)(1(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 2253(b) and 1467(b), and Title 28 United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
LACEE ELIZABETH MONK
ASSISTANT UNITED STATES ATTORNEY

_____
CHARLES D. SCHMITZ
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
CHILD EXPLOITATION AND OBSCENITY SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GARRETT MICHAEL PAKO,

_____ Defendant/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

☐ Miami ☐ Key West ☐ FTL
☐ WPB ☑ FTP

New defendant(s) ☐ Yes ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days        ☑
   II   6 to 10 days       ☐
   III  11 to 20 days      ☐
   IV   21 to 60 days      ☐
   V    61 days and over   ☐

   (Check only one)
   Petty        ☐
   Minor        ☐
   Misdemeanor  ☐
   Felony       ☑

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_Lacee Elizabeth Monk_
Lacee Elizabeth Monk
Assistant United States Attorney
FLA Bar No.      100322

*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** GARRETT MICHAEL PAKO, a/k/a "Kinky Bear," a/k/a "K. King"

**Case No:** _____

Count #: 1

Distribution of Visual Representations of the Sexual Abuse of Children

Title 18, United States Code, Sections 1466A(a)(2) and 2252A(b)(1)

**\*Min./Max. Penalties:** Minimum of 5 years' imprisonment; Maximum of 20 years' imprisonment

Count #: 2

Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity

Title 18, United States Code, Section 2422(b)

**\*Min./Max. Penalties:** Minimum of 10 years' imprisonment; Maximum of life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**