**SEALED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14021-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA,**

vs.

**GARRETT MICHAEL PAKO,**
    a/k/a "Kinky Bear,"
    a/k/a "K. King,"

    **Defendant.**
_____/

**THE UNTED STATES' BENCH BRIEF REGARDING THE MILITARY**
**EXTRATERRITORIAL JURISDICTION ACT (18 U.S.C. §§ 3261-3267)**

On May 27, 2021, a grand jury sitting in the Southern District of Florida indicted Garrett Michael Pako (the "Defendant) on one count of Distribution of Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. §1466A(a)(2), and one count of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b).  The acts that gave rise to these charges occurred in Japan while the Defendant was employed by a contractor of the Department of Defense.  As such, the United States has Jurisdiction for the Defendant's offenses pursuant to the Military Extraterritorial Jurisdiction Act ("MEJA").  *See* 18 U.S.C. § 3261(a)(1)).  Venue for this offense is in the Southern District of Florida as the Defendant's last known address was in Highlands County, Florida.  *See* 18 U.S.C. § 3238.  The Department of Defense intends to arrest the Defendant in Japan and transport him to a United States' military base for proceedings before this Court.  Given the extraterritorial nature of the statute, Congress anticipated that defendants in these types of cases may be arrested

1

overseas; therefore, the statute outlines the procedures to be used for the initial appearance, detention hearing, and removal of defendants to the United States. The following is a short discussion of MEJA and the statutory guidance regarding the procedural process.

**I.      MEJA Jurisdiction Over Crimes Committed Outside the United States**

The Military Extraterritorial Jurisdiction Act ("MEJA"), 18 U.S.C. §§ 3261-3267, subjects certain individuals to prosecution in federal district court for felonies committed outside the United States, if the offense would have been subject to federal prosecution within the special maritime and territorial jurisdiction of the United States and the offense is punishable by imprisonment for more than one year. The categories of individuals who can be subject to U.S. federal prosecution pursuant to MEJA include, *inter alia*, individuals who are "accompanying the Armed Forces outside the United States." 18 U.S.C. § 3261(a)(1). Specifically, the statute provides that:

> (a) Whoever engages in conduct outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States—
> (1) while employed by or accompanying the Armed Forces outside the United States…
> 
> shall be punished as provided for that offense.

*Id*.

The statute defines "employed by the Armed Forces outside the United States" to include those individuals who are:

> (A) employed as--
> (i) a civilian employee of--
> (I) the Department of Defense (including a nonappropriated fund instrumentality of the Department); or
> (II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas;
> (ii) a contractor (including a subcontractor at any tier) of--
> (I) the Department of Defense (including a nonappropriated fund instrumentality of the Department); or

2

>>(II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas; or
>(iii) an employee of a contractor (or subcontractor at any tier) of--
>>(I) the Department of Defense (including a nonappropriated fund instrumentality of the Department); or
>>(II) any other Federal agency, or any provisional authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas;
>(B) present or residing outside the United States in connection with such employment; and
>(C) not a national of or ordinarily resident in the host nation.

18 U.S.C. § 3267(1).

Accordingly, if a defendant fits into one of the categories above and (1) committed an offense that would have been subject to federal prosecution within the special maritime and territorial jurisdiction of the United States,[1] and (2) the offense is punishable by imprisonment for more than one year, then MEJA jurisdiction will apply.

## II. Venue for MEJA-Related Offenses

If MEJA jurisdiction exists, venue is determined pursuant to 18 U.S.C. § 3238, which governs "[o]ffenses not committed in any district." The venue statute provides:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, **an indictment or information may be filed in the district of the last known residence of the offender** or of any one of two or more joint offenders, *or if no such residence is known the indictment or information may be filed in the District of Columbia*.

(emphasis added).

## III. MEJA Initial Appearance, Detention, and Removal Procedures

---

[1] Both of the charges on which the Defendant was indicted are subject to federal prosecution if committed in the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. §§ 1466A(a)(2) and 2422(b).

The MEJA statute outlines specific procedures to be followed relating to the initial appearance, detention, and removal of defendants arrested outside of the United States. *See* 18 U.S.C. §§ 3262-3265.

### A.     Initial Appearance and Detention Hearing Procedure

Once arrested abroad, the MEJA statute requires that a defendant have an initial appearance under the Federal Rules of Criminal Procedure. The statute provides that:

- The initial appearance will be conducted by a Federal magistrate; and
- The initial appearance may be carried out by telephone or such other means that enables voice communication among the participants, including any counsel representing the persons.

*Id*. at § 3265(a)(1).

During the initial proceeding, the magistrate judge is required to determine whether there is probable cause to believe that a MEJA offense was committed, and that the individual arrested outside the United States committed the offense. *Id.* at § 3265(a)(2).

If the magistrate judge determines that probable cause exists, and the government seeks the individual's detention before trial, then the judge can proceed with a detention hearing pursuant to 18 U.S.C. § 3142(f). If the defendant requests, this detention hearing can be conducted via telephone or video teleconference. *Id.* at § 3265(b)(2).

During the initial appearance and detention hearing, the defendant is entitled to be represented by counsel. If this hearing is conducted outside the United States, the magistrate judge may appoint a qualified military counsel for purposes of this hearing. *Id.* at § 3265(c)(1). Generally, in circumstances such as this case, the military unit in the foreign country where the individual is arrested assists with coordinating with the military trial defense attorney for the

hearing (*i.e.*, coordinates with the United States Army Trial Defense Service (TDS)).  At the hearing, the magistrate judge can inquire, on the record, to determine whether the attorney is a "qualified military counsel" which, for the purposes of the MEJA statute, includes someone who (1) graduated from an accredited law school or is a member of the bar of a Federal court or of the highest court of a State, and (2) is certified as competent to perform such duties by the Judge Advocate General of the armed force of which he is a member.  *Id*. at § 3265(2).

### B. Removal Procedures

Under MEJA, removal typically refers to the physical removal of a defendant from the country in which he was arrested to the United States.  A defendant may be ordered removed to the United States in the following circumstances:

1. a Federal magistrate judge orders the person to be removed to the United States to be present at a detention hearing;

2. a Federal magistrate judge orders the detention of the person before trial pursuant to section 3142(e), in which case the person shall be promptly removed to the United States for purposes of such detention;

3. the person is entitled to, and does not waive, a preliminary examination under the Federal Rules of Criminal Procedures, in which case the person shall be removed to the United States in time for such examination; or

4. a Federal magistrate judge otherwise orders the person to be removed to the United States.

18 U.S.C. § 3264(b).

If a magistrate judge orders a defendant to be removed pursuant to MEJA, typically U.S. military law enforcement officers coordinate the transfer of the defendant's custody to U.S. civilian

law enforcement.  For example, military officers would transfer custody to the U.S. Marshals Service who would then escort the defendant to the district in the United States where the charges are pending.

                                                Respectfully submitted,

                                                JUAN ANTONIO GONZALEZ
                                                ACTING UNITED STATES ATTORNEY

By:   **Lacee Elizabeth Monk**
       Lacee Elizabeth Monk
       Assistant United States Attorney
       Florida Bar No. 100322
       U.S. Attorney's Office
       99 N.E. 4th Street
       Miami, FL 33132-2111
       Telephone: (305) 961-9427
       Email: lacee.monk@usdoj.gov