UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14021-CR-CANNON

UNITED STATES OF AMERICA

v.

GARRETT MICHAEL PAKO,

Defendant.
_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

Garrett Michael Pako (hereinafter referred to as the "defendant") enter into the following

agreement:

1.   The defendant agrees to plead guilty to Count 2 of the indictment, which count charges

the defendant with knowingly attempting to coerce and entice a minor to engage in sexual activity,

in violation of Title 18, United States Code, Sections 2422(b) and 3261(a).

2.   This Office agrees to seek dismissal of Count 1 of the indictment, as to this defendant,

after sentencing.

3.   The defendant is aware that the sentence will be imposed by the Court after considering

the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines").   The defendant acknowledges and understands that the Court will compute an

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's

probation office, which investigation will commence after the guilty plea has been entered.   The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of life imprisonment, followed by a term of supervised release of at least 5 years and up to life.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture.

5.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100, will be imposed on the defendant.   The defendant agrees that this special assessment shall be paid at the time of sentencing.   If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.   The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant because, as the defendant acknowledges and agrees, the defendant is not indigent and is

2

pleading guilty to an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes).   The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

      7.   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

      8.   This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make this recommendation and motion if the defendant:   (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding

3

the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense to which the defendant is pleading guilty pursuant to Title 18, United States Code, Section 2428(a). The directly forfeitable property includes, but is not limited to one (1) iPhone 8 Plus, Serial: FD1X43W6JCM5, IMEI: 356735086631307

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and

4

voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive:  any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12.   The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13.   The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the

5

United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and (2) the admitted conduct does not fall within the scope of the statute of conviction.

14.    By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

15.    Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida Statute § 775.21. Defendant further understands that, under

6

18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

16.   As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

17.   This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: _9/27/202,_       By: _____ for :

LACEE ELIZABETH MONK
ASSISTANT UNITED STATES ATTORNEY

Date: _09(2\/2(_       By: _____

BLAIR JACKSON
ATTORNEY FOR DEFENDANT

Date: _09(2\/2(_       By: _____

GARRETT MICHAEL PAKO
DEFENDANT

7