**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14021-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**GARRETT MICHAEL PAKO,**

    Defendant.
                                  /

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

    1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on October 22, 2021. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

    2.    Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the

request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and counsel for United States all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. (DE 50).  I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  The Defendant pleaded guilty to Count Two of the Indictment. Count Two charges the Defendant with knowingly attempting to coerce and entice a minor to engage in sexual activity, in violation of Title 18, United States Code, Sections 2422(b) and 3261(a).  In exchange for the Defendant's guilty plea, the United States Attorney's Office agreed to dismiss Count One of the Indictment as to this Defendant after sentencing.

5. I reviewed with the Defendant the statutory mandatory minimum penalties and statutory maximum penalties applicable to Count Two.  The Defendant acknowledged that he understood the statutory penalties that apply in his case.

6. The Plea Agreement also contains a forfeiture provision, which was reviewed with the Defendant.  The Defendant acknowledged that he is voluntarily abandoning to law enforcement all right, title, and interest in the property described in the Plea Agreement.

7. The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that he understands the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal except under the limited circumstances outlined in his Plea Agreement. As a result, I recommend to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The Government proffered into the record a factual basis for the plea. The Defendant acknowledged that he understood the Government's proffer and acknowledged that it accurately set forth the facts in his case as he understands them to be. I find that the proffer set forth sufficient facts to establish each of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Count Two of the Indictment freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Count Two as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant's plea of guilty to Count Two of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 22nd day of October, 2021.

                                              _____
                                              SHANIEK M. MAYNARD
                                              UNITED STATES MAGISTRATE JUDGE